## SOTORIOS TARGAKIS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 8, 1926.)

No. 4657.

1. Indictment and information ⬅171—Variance not material, unless misleading.

Variance is not material, when the defendant could not have been misled at the trial, or when allegation and proof substantially correspond.

2. Aliens ⬅59—Variance as to place of illegal landing of alien held not material (Immigration Act Feb. 5, 1917, § 8 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd]).

Where it was charged, in an indictment under Immigration Act Feb. 5, 1917, § 8 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd), that defendant landed an alien, not entitled to enter the United States, on the coast at a place specified, evidence that the landing was somewhere near the place designated, and within the district; but as it was at night, and the alien wandered from the place before being seen, it could not be exactly located, did not create a material variance.

3. Aliens ⬅56—Landing of alien without inspection is offense,⋅though alien was entitled to enter (Immigration Act Feb. 5, 1917, § 8 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd]).

The landing of an alien not duly admitted by an immigrant inspector is made an offense by Immigration Act Feb. 5, 1917, § 8 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd), and it is no defense that the alien was entitled to enter.

4. Aliens ⬅59—Unlawful landing of alien punishable by both fine and imprisonment (Immigration Act Feb. 5, 1917, § 8 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd]).

Under Immigration Act Feb. 5, 1917, § 8 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd), making it an offense to unlawfully land an alien, punishable "by a fine * * * and by imprisonment," it is imperative that both fine and imprisonment be imposed on conviction.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Criminal prosecution by the United States against Sotorios Targakis. Judgment of conviction, and defendant brings error. Affirmed and remanded.

W. K. Zewadski, Jr., and Jo Johnson, both of Tampa, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and N. J. Morrison, Sp. Asst. Atty. Gen., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter referred to as defendant, was convicted on an indictment returned in the Southern district of Florida, which charged in substance that on December 11, 1922, at Anclotte village, in Pinellas county, Fla., in the said district and within the jurisdiction of the court, he did unlawfully bring into the United States from the republic of Cuba by means of a vessel, a named alien, who had not theretofore been duly admitted to the United States by an immigration inspector, and was not then and there lawfully entitled to enter and reside within the United States.

Section 8 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼dd), which was in force at the time the offense is alleged to have been committed, makes it unlawful for any person to bring into or land in the United States by vessel or otherwise any alien not duly admitted by an immigration inspector, or not lawfully entitled to enter or reside within the United States, which offense is punishable by a fine not exceeding $2,000 *and* by imprisonment for a term not exceeding five years, for each and every alien so landed.

[1] Defendant contends that there was a fatal variance in the proof as to the point of landing, and that in consequence thereof he was entitled to a verdict of acquittal. This point was raised by motion for a directed verdict and requests for special instructions, to the refusal of which error is assigned. We understand the rule as to variance to be that it is not to be regarded as material when the defendant could not have been misled at the trial or the allegation and proof substantially corresponds. See Grayson v. Lynch, 163 U. S. 468, 16 S. Ct. 1064, 41 L. Ed. 230, and authorities therein cited.

[2] There was no doubt that the alien was landed on the coast of Florida within the jurisdiction of the court, and there is evidence tending to show the landing was not very far from the place alleged in the indictment, although, as the alien, a woman, was put ashore at night with her two children, and wandered along for a number of miles before she fell in with persons who took her to Tarpon Springs, the exact point is not shown with certainty, and it might have been in a county other than Pinellas.

The defense was an alibi, and defendant endeavored to show that he was many miles away from the place where the landing was made, under any theory of the evidence, at the time the alien was put ashore. We must conclude that the variance, if any is actually shown, is immaterial, and defendant could not possibly have been prejudiced in his defense.

[3] It is a further contention of defendant that he was not permitted to prove that the alien was in fact lawfully entitled to enter and reside in the United States. In a general way, error is assigned to this supposed action of the court. We find nothing in the record that would indicate that he attempted to raise this point, except by certain questions to the alien when on the stand regarding what papers she brought with her, to which objection was sustained by the court, but to which action error is not specially assigned.

Even if it were true that the alien was entitled to enter the United States, that fact would be immaterial in this case. It is as much an offense under the statute to clandestinely introduce into the United States, at a place where he will escape the vigilance of the immigration officers, an alien entitled to be admitted on inspection and lawful entry, as it is to bring in one not having that right. The indictment tracks the statute, and clearly charges that offense. An alien is not lawfully admitted until after proper inspection, and to say that the alien had not theretofore then and there been admitted by an immigration inspector means that a valid entry had not been effected at the time and place of landing. There is no merit in the contention, and error in regard thereto is not shown. The other errors assigned are entirely without merit.

[4] It appears, however, that defendant was sentenced to two years in the United States penitentiary at Atlanta, Ga., but a fine was not imposed. It is imperative under the statute that both fine and imprisonment be imposed on conviction.

The judgment appealed from is affirmed, but the case is remanded for proper sentence.