Lawrence Howard **WHITT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 13642.

United States Court of Appeals Sixth Circuit.

Jan. 5, 1959.

2. For an interesting summary of related questions, see Green v. Murphy, 3 Cir., 1958, 259 F.2d 591.

Robert J. Griswold, Louisville, Ky., for appellant.

James C. Jernigan, Asst. U. S. Atty., Louisville, Ky., J. Leonard Walker, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before ALLEN, Chief Judge, MILLER, Circuit Judge, and FREEMAN, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant was indicted, tried by jury, and found guilty of violation of the Mann Act. Sec. 2421, Title 18, U.S. Code.

The instructions given by the District Judge when the case was submitted to the jury, to which no objections were made, correctly gave the applicable law. The evidence with respect to the transportation of a woman in interstate commerce for the "purpose of prostitution" fully sustains the verdict. Lindsey v. United States, 5 Cir., 227 F.2d 113, 116–117, certiorari denied 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 869. The only question which requires further consideration is the contention of appellant that the District Judge erred in his supplemental instructions to the jury, given at the request of the jury after it had considered the case for a period of time and was unable to reach a verdict. Objection was made by appellant to the supplemental instructions. The question involved arises out of the following factual situation.

Appellant testified that prior to the transportation involved in this case, from Dayton, Ohio, to Louisville, Kentucky, he was living with the woman so transported "as man and woman, common law," that he was unable to obtain employment in Dayton and went to Kentucky for the sole purpose of obtaining employment. He admitted that he was married to another woman and was the father of six children, but was living apart from his wife and children. The jury asked the District Judge if it could be construed as an immoral purpose under the indictment if the appellant transported the woman from Dayton to Louisville with the *expectation* of continuing the common law relationship. The District Judge answered that it could be so construed, but that the purpose would have to have been in his mind prior to the time they came to Kentucky "though it could have existed as an *intention* of continuing a relationship that had existed if it was immoral, which it would be, if it was a common law relationship." He stated, "the immoral purpose could have been to have her engage in prostitution with others or to engage in intercourse with her, himself." In response to another question of a juror he told the jury that irrespective of the evidence of solicitation, merely the presence of the living conditions of the two people would have been a federal offense "if the *intention* was in his mind when he transported her from Dayton here to engage in that relationship with her." (Italics in all places added.)

Appellant contends that the *intention* or *expectation* of continuing the common law relationship after going to Kentucky

to seek employment did not constitute transportation of the woman he was living with for an "immoral purpose" within the wording and meaning of the statute. It is urged upon us that the intention or expectation of engaging in immoral conduct may exist although the transportation was not for that purpose, in which event there is no violation of the statute, and that the supplemental instructions were accordingly erroneous. Yoder v. United States, 10 Cir., 80 F.2d 665; Sloan v. United States, 8 Cir., 287 F. 91, 93–94; United States v. Pape, 2 Cir., 144 F.2d 778, 781–782, and dissenting opinion at page 784. See: Mortensen v. United States, 322 U.S. 369, 374–375, 64 S.Ct. 1037, 88 L.Ed. 1331.

■ The supplemental instruction must be interpreted in connection with the instructions previously given. Albizu v. United States, 1 Cir., 88 F.2d 138, 143–144, certiorari denied 301 U.S. 707, 57 S.Ct. 940, 81 L.Ed. 1361.

■■ As stated in Yoder v. United States, supra, intention by itself is not sufficient, but intention is something to be considered by the jury in determining whether the transportation was for an immoral purpose. The use by the District Judge of the word "intention" in his supplemental instructions to the jury can not be considered apart from the rest of the charge. The instructions in their entirety made it plain to the jury that transportation for an immoral purpose was an essential element of the offense. The District Judge expressly stated in his first instructions, "That purpose is the prime consideration in this case. If he had it, and you are entitled to consider their relationship previous to their trip and following their trip here to Kentucky as determinative of that intent and purpose, he is guilty. Otherwise, he is not guilty." The case was left to the jury on the issue of immoral purpose. See: United States v. Reginelli, 3 Cir., 133 F.2d 595, 599–600, certiorari denied 318 U.S. 783, 63 S.Ct. 856, 87 L.Ed. 1150, for a discussion of Yoder v. United States, supra.

■■ Nor does the alleged common law relationship, particularly in view of the fact that the appellant was legally married to another woman, take the case out of the operation of the statute. Cleveland v. United States, 329 U.S. 14, 67 S.Ct. 13, 91 L.Ed. 12; Masse v. United States, 5 Cir., 210 F.2d 418, 421, certiorari denied 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105; United States v. Pape, supra, 2 Cir., 144 F.2d 778, 781–782. It is also settled law that pecuniary gain, as a motive for the transportation, is not an essential element of the offense. Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442; Cleveland v. United States, supra, 329 U.S. 14, 17–18, 67 S.Ct. 13.

The instructions, considered in their entirety, were not erroneous. The judgment is affirmed.