John PEREZ and Arturo Moreno, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 18864.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1961.

John E. Fitzgibbon, Laredo, Tex., Neal Dancer, Corpus Christi, Tex., John Fitzgerald Ryan, Jr., Laredo, Tex., for appellants.

William B. Butler, Scott Cook, Asst. U. S. Attys., Woodrow Seals, U. S. Atty., William A. Jackson, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment of conviction of each appellant on two counts of jointly smuggling marihuana, in violation of 21 U.S.C.A. § 176a, and jointly transporting, etc., marihuana without having paid a transfer tax, in violation of 26 U.S.C. § 4744(a) (2). Appellants were sentenced generally on both counts to imprisonment, Perez for six years and Moreno for ten years.

The prosecution's case consisted of proof of the following facts: An automobile of undetermined ownership, driven by Perez and in which Moreno was a passenger on the right front seat, halted at the United States customs inspection station at Laredo, Texas, at 2:15 A.M. on August 17, 1960. Appellants declared possession of candy and liquor, after which their persons and the automobile in which they had been riding were searched. In the cuff of Perez' trousers was found intermingled with dust and lint a miniscule quantity of particles of marihuana; in the cuff of Moreno's trousers was a particle of marihuana smaller than the sharpened end of a lead pencil and a crushed marihuana seed, and in his trousers pocket a loaded pistol. A second inspection of the automobile revealed two paper bags under the front seat, one folded inside the other, containing three grains of marihuana in small particles.

Each count of the indictment, as to each appellant, stated that the amount of marihuana involved in the offenses charged was "approximately three (3) grains." It is apparent from the evidence presented by the government, from argument by counsel for the government, and

from the charge of the trial judge to the jury, that the theory upon which the government based its case was that of establishment of a prima facie case [1] by proof of possession of the approximately three grains of marihuana contained in the bags found under the front seat of the automobile, not the marihuana found in appellants' trouser-cuffs.

Neither appellant testified or otherwise presented evidence in his own behalf in explanation of possession. Cross-examination of a United States Treasury agent by counsel for Moreno revealed that a demand had been made on Moreno for production of "the order form," but there was no evidence as to whether a similar demand was made on Perez, or whether either failed to produce an order form.[2]

Each appellant attacks the sufficiency of the evidence to sustain a conviction as to each count. In addition, error is assigned to the refusal of the trial judge to give certain instructions.

 Under the rules which have been established in this class of case, we do not think it can be said as a matter of law that the evidence did not establish a sufficient basis for the jury to find appellants guilty as to the count charging smuggling. The burden of the government, under the provision of 21 U.S.C.A. § 176a set out in the margin was merely to prove possession of marihuana by appellants. Its proof, while quite weak, was such that the jury could properly have found that they were in possession of the marihuana found under the seat of the automobile, as well as that in their trouser-cuffs. See United States v. Adelman, 107 F.2d 497 (2d Cir. 1939). In the absence of explanation of such possession, the jury was justified in finding guilt.

 The conviction of the offense alleged in the second count was clearly not supported by evidence, and the judgment of the trial court as to that count must be reversed. In view of the fact that the general sentence imposed upon appellants did not exceed the maximum penalty authorized for conviction of the offense charged in the first count, however, reversal of the judgment as to the second count does not alone require reversal of the entire judgment. United States v. Bailey, 277 F.2d 560 (7 Cir. 1960); Marteney v. United States, 218 F.2d 258 (10th Cir. 1954), cert. den. 348 U.S. 953, 75 S.Ct. 442, 99 L.Ed. 745.

We are of the opinion, however, that the judgment as to the first count must be reversed on appellants' claim that the trial judge erred in refusing to give certain requested instructions.

In his instructions to the jury, the trial judge charged that each of the defendants was to be presumed innocent, and that by pleading "not guilty" they had "imposed upon the government to come forward with credible evidence which convinces you of their guilt beyond a reasonable doubt." He also read to the jury the statutes which the appellants were charged with violating, explaining with particularity the effect of the presumption contained in 21 U.S.C.A. § 176a, following which he explained that each defendant was within his legal rights in refusing to testify in his own behalf, and that "you will not, in your deliberations or consideration of the case let that weigh in the slightest against either defendant, nor will you discuss it or consider it in any particular."

---

1. 21 U.S.C.A. § 176a provides in part: "Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

2. 26 U.S.C. § 4744(a) provides in part: "* * * proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him, shall be presumptive evidence of guilt under this subsection * * *."

The record reveals that the jury was excused for the day immediately after the charge was given, and that when the court reconvened the next morning the trial judge had received a communication from the jury requesting additional instructions.[3]

Thereupon the court read to the jury the complete text of 21 U.S.C.A. § 176a and 26 U.S.C. § 4744(a), and asked, "Does that answer your question?", to which the foreman of the jury answered, "I believe it does, Your Honor." At this time, out of the presence of the jury, both appellants orally requested that the court further instruct the jury that "explanation need not be made by the defendants themselves, but might be made by some other person or by inference or by the evidence adduced at the trial."[4] This request was refused because the trial judge was "inclined to read the statute, as they requested, and nothing else." (T.R. 124)

■ The theory upon which the government case rested was that proof of possession of marihuana would bring into play the statutory presumption of guilt in the absence of satisfactory explanation. In order to prove possession of the marihuana found in the paper bag, however, it was necessary for the govern-

ment to convince the jury that in addition to physical control of the marihuana or the capacity therefor, both had knowledge of its presence. A fact from which such knowledge could have been inferred was the existence of marihuana in the trousers-cuffs of both. No other facts from which an inference of knowledgable possession could have been inferred were in evidence.[5]

Because the jury *could* have found in the proof of marihuana in the trousers-cuffs evidence that appellants knew of the marihuana under the seat, however, does not mean that it was required to do so. It was the theory of the defense that notwithstanding the fact that defendants had technical "actual possession" of the minute quantities of narcotic found in their trousers-cuffs, defendants were unaware of its presence there. This theory was a plausible one in the circumstances, and had the jury accepted it, which it could properly have done, the government's case would necessarily have failed, *and this in the absence of explanation by the defendants personally or the presentation of evidence by them.*

■ It is elementary law that the defendant in a criminal case is entitled to have presented instructions relating to

---

3. T.R. 128, 129: Communications from Jury to Court and Court to Jury:

Jury to Court: We, the Jury, wish to have the recording of the charge by the judge brought to the room to be heard by us. /s/ C. H. Darnell, Jr.

Please re-read the statute concerning people caught with possession of marihuana—both paragraphs. /s/ C. H. Darnell, Jr.

Court to Jury: I do not favor the Jury hearing the recording in the Jury Room, and prefer that any portions of the charge which the Jury desires to hear be re-read in open court. In view of the length of the entire charge, I suggest that if there be portions of which the jury is desirous of having re-read, you so indicate in writing and the Court Reporter will read that portion to you in open Court. If you desire the charge in its entirety, then I will have the entire charge re-read to you.

The Foreman will please advise me in the premises promptly by written memo. /s/ Ben C. Connally, United States District Judge.

Jury to Court: Please re-read the portions of the Civil Code that were given to the Jury concerning the possession and not giving a satisfactory explanation as to why it was in their possession. /s/ C. H. Darnell, Jr.

4. The substance of the various objections to the re-reading of the statutes and requests for additional instructions was made a part of the record after the jury had returned its verdict. T. R. 124, 125.

5. A possible exception was the fact that appellant Moreno had in his possession a loaded pistol. Without extended discussion it is sufficient to say that we do not think this circumstance alone would permit a finding that appellants knew of the bag under the seat or their contents.

a theory of defense for which there is any foundation in the evidence. Tatum v. United States, 190 F.2d 612 (D.C.Cir. 1951). A charge is erroneous which ignores a claimed defense with such a foundation. Hyde v. United States, 15 F.2d 816 (4th Cir. 1926). The charge to which he is entitled, upon proper request, in such circumstances is one which precisely and specifically, rather than merely generally or abstractly, points to his theory of defense, Cf. United States v. Indiana Trailer Corp., 226 F.2d 595, 598 (7th Cir. 1955); Apel v. United States, 247 F.2d 277 (8th Cir. 1951), and one which does not unduly emphasize the theory of the prosecution, thereby deemphasizing proportionally the defendant's theory. It is also fundamental to our jurisprudence that instructions to the jury must be consistent with each other, and not misleading to the jurors. Smith v. United States, 230 F.2d 935 (6th Cir. 1956).[6] The fact that one instruction is correct does not cure the error in giving another that is inconsistent with it. Smith v. United States, supra. Most important, in no condition of proof is it permissible to leave with the jury the idea that it had become the duty of the defendant to establish his innocence to obtain an acquittal. See e. g., Ezzard v. United States, 7 F.2d 808 (8th Cir. 1925). The refusal of the trial judge to instruct the jury as requested was in violation of each of these principles.

The point upon which the jury requested further instruction was the very essence of the government's case. While the jury had been previously instructed on the right of the defendants to remain silent, the defense theory had never before been presented to it (properly so, in the absence of a request therefor).

■ When the theory of the government was reiterated, however, the theory of the defense should have been present-ed upon request, particularly when it had not been before presented. Taken by itself, the additional instruction was inconsistent with the earlier charge on presumption of innocence, burden of proof, and right of the defendants to remain silent. While it is ordinarily true that instructions given in response to the questions of jurors must be interpreted in connection with instructions previously given, Albizu v. United States, 88 F.2d 138 (1st Cir. 1937), examination of the cases reveals that the underlying search in each of them is to determine whether the charge taken as a whole was such as to confuse or leave an erroneous impression in the minds of the jurors. See e. g., Maynard v. United States, 215 F.2d 336 (D.C.Cir. 1954). By failing *to add* to its additional instruction to the effect that defendants could be found guilty upon their failure to satisfactorily explain possession of marihuana the additional rule that defendants had every right to remain silent and that explanation could be had from other sources, the court in effect contradicted its earlier statement and left with the jury an instruction which could only be confusing in its overall effect. As in Olender v. United States, 210 F.2d 795, 807, (9th Cir. 1954), 42 A.L.R.2d 736, "on the basis of this instruction the jury might have discounted the great weakness in the government's case because of the silence of the defense. While the words of the instruction did not in terms shift the burden of proof to the defendant, they might well have had that effect in the minds of the jurors."

For the reasons we have stated above, it is, we think, no answer to this claim of error that the judge had already charged on the right of appellants not to testify. What is in question here is the right of a defendant, when the judge repeats a statute favorable to the government in his charge, to have an explanation to the jury that the statute does not

6. A jury of one's peers "is supposed to safeguard our institution of fair trial by insuring impartiality. But of what value is an open mind, if it does not know, with clear delineation, the issues upon which it is to pass judgment?" Williams v. United States, 131 F.2d 21, 23 (D.C. Cir.1942).

mean that the defendant must take the stand to explain. Such an explanation is essential in a case like this, where there exists a statutory presumption which is sweeping and comprehensive and which, without further instructions, might carry the idea that the explanation referred to in the statute should come from the mouth of the defendant. It is not asking too much in the protection of human liberty for the judge at the request of a defendant to give the jury a clear instruction which would avoid that unjust conclusion.

The judgment should be, and it is reversed and the cause is remanded for further proceedings in the trial court.

JONES, Circuit Judge, concurs in the result.