**Clarence Eric POWELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19294.**

United States Court of Appeals
Ninth Circuit.

June 11, 1965.

Koelsch, Circuit Judge, dissented.

David B. Flinn, San Francisco, Cal., for appellant.

Jo Ann D. Diamos, U. S. Atty., Henry L. Zalut, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before KOELSCH and BROWNING, Circuit Judges, and WEIGEL, District Judge.

BROWNING, Circuit Judge.

Appellant was convicted of transporting a girl from Texas to Phoenix, Arizona, for purposes of prostitution, in violation of 18 U.S.C.A. § 2421. The interstate journey was admitted. The sole issue was appellant's intent.

The trial court properly instructed the jury that the immoral purpose renders the interstate transportation illegal, and must therefore exist before the journey ends and supply the dominant motive for the trip.[1] The court also properly instructed the jury that the necessary intent may be established by circumstantial evidence, including evidence of conduct of the parties after the journey has ended.[2]

The jury retired at 4:12 p. m. At 8:40 p. m. the jury requested further instructions. The jury's request and the court's response were as follows:

"THE COURT: You sent me this note before dinner. It is impossible for me to answer it.

'The Jury wishes the Judge to clear a point of whether after arriving in Phoenix the defendant had the intent of having the victim commit prostitution; would he be guilty of intent or guilty at all. Foreman Cook.'

It just doesn't make sense to me, but here is the instruction I gave you, which I will reread to you:

'The purpose for which the interstate transportation is induced may be inferred from the conduct of the

parties within a reasonable time before and after the transportation.'

You draw your conclusion from that.

That is all. That is the only answer I can give you.

All right, you can go back and deliberate some more."

The jury retired. A guilty verdict was returned five minutes later.

The meaning of the jury's inquiry was uncertain. All that the inquiry made clear was that the jury was confused as to the legal standards to be applied in resolving the central factual issue upon which defendant's guilt or innocence depended. The court made no effort to discover the nature of the jury's misunderstanding. Instead, the court assumed, despite its own doubts, that the jury meant to ask whether the requisite wrongful purpose could be inferred from evidence of conduct subsequent to the interstate journey. The court therefore reread an instruction which it had previously given on this subject. But it would seem just as likely that the jury meant to ask whether the defendant would be guilty of the offense charged if the wrongful intent were first conceived after the couple arrived at their destination. The court did not repeat its prior instructions on this subject. Moreover, the instruction which was given, if taken as an answer to the second possible meaning of the jury's inquiry, might well have led the jurors to suppose that a wrongful purpose conceived following the journey would suffice. Thus, the court's response may have led to the application of a standard which was wholly improper.

"Discharge of the jury's responsibility for drawing appropriate conclusions from the testimony depended on discharge of the judge's responsibility to

1. Hawkins v. United States, 358 U.S. 74, 79 n. 6, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958); Cleveland v. United States, 329 U.S. 14, 19–20, 67 S.Ct. 13, 91 L.Ed. 12 (1946); Mortensen v. United States, 322

U.S. 369, 374–375, 64 S.Ct. 1037, 88 L. Ed. 1331 (1944).

2. E. g., United States v. Farber, 336 F. 2d 586, 588 (6th Cir. 1964); Brooks v. United States, 309 F.2d 580, 583 (10th Cir. 1962).

give the jury the required guidance by a lucid statement of the relevant legal criteria. When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." Bollenbach v. United States, 326 U.S. 607, 612–613, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). "Particularly in a criminal trial, the judge's last word is apt to be the decisive word. If it is a specific ruling on a vital issue and misleading, the error is not cured by a prior unexceptionable and unilluminating abstract charge." 326 U.S. 612, 66 S.Ct. 405. That the court's last word in this case may have misled the jury on a vital issue appears from what we have said; that it may have been decisive is reflected in the promptness with which the jury terminated its deliberations.[3]

██ It is no answer to say that the supplemental instruction was correct, so far as it went; or that it was to be read in the light of the original instructions and that these fairly presented the issues.[4] The ultimate question is "whether the charge taken as a whole was such as to confuse or leave an erroneous impression in the minds of the jurors." Perez v. United States, 297 F.2d 12, 16 (5th Cir. 1961). See also Bland v. United States, 299 F.2d 105, 108–109 (5th Cir. 1962); United States v. Christmann, 298 F.2d 651 (2d Cir. 1962). Cf. Babson v. United States, 330 F.2d 662, 666 (9th Cir. 1964). As we have noted, the jury's inquiry showed the initial charge left the jury confused. A rereading of a portion of that charge which was not clearly responsive to the jury's inquiry could scarcely have clarified the matter in the jurors' minds. Clear error occurred, requiring reversal.[5]

██ Appellant urges reversal on the additional ground that certain evidence was admitted which indicated that he had possessed, used, purchased, and sold narcotics. Appellant's objection came so late, and his counsel was so clearly responsible for the introduction of much of the material on this subject which appears in the record, that it is doubtful that reversible error occurred. However, since there must be a new trial, it seems well to note that the probative value of the evidence was so weak when compared with its tendency to arouse prejudice and distract the attention of the jurors from the real issues of the case, that it might best be excluded. McCormick, Evidence 319–20 (1954); Wigmore, Evidence §§ 194, 300, 1904 (3d ed. 1940).

Reversed and remanded.

KOELSCH, Circuit Judge:

More solid stuff than sophisticated suppositions should be required to constitute plain error. With deference, I submit that an appellate court should repose more confidence in the combined intelligence of twelve jurors than this court appears to do here.

I dissent.

3. Special care must be exercised in framing supplemental instructions if prejudice to the defendant is to be avoided. See, Burton v. United States, 196 U.S. 283, 307, 25 S.Ct. 243, 49 L.Ed. 482 (1905); United States v. Louie Gim Hall, 245 F.2d 338, 341 (2d Cir. 1957); Smith v. United States, 230 F.2d 935, 940 (6th Cir. 1956).

4. Whiting v. United States, 321 F.2d 72, 75, n. 3 (1st Cir. 1963); Whitt v. United States, 261 F.2d 907, 909 (6th Cir. 1959).

5. Under Fed.R.Crim.P. 52(b), we may notice plain error in instructions despite appellant's failure to comply with Rule 30. Lyons v. United States, 325 F.2d 370, 373 (9th Cir. 1963); Hargrave v. Wellman, 276 F.2d 948, 950 n. 3 (9th Cir. 1960); Herzog v. United States, 235 F.2d 664, 666 (9th Cir. 1956). See also United Brotherhood of Carpenters and Joiners v. United States, 330 U.S. 395, 411–412, 67 S.Ct. 775, 91 L.Ed. 973 (1947).