Manuel **BANDERAS–AGUIRRE,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 72–3607
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
March 5, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Manuel Banderas-Aguirre, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This appeal arises from an order of the district court denying the motion of a federal prisoner to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

The appellant is presently serving a five year sentence, having been convict-ed upon his guilty plea to an indictment charging him with three counts of knowingly and unlawfully transporting aliens who had not been lawfully admitted into the United States in violation of 8 U.S. C. § 1324(a)(2). In his § 2255 motion to vacate sentence, appellant asserted as grounds for relief that the statute under which he stands convicted is unconstitutionally vague; that his prosecution under the statute presumes knowledge on his part that the persons transported had illegally entered the United States; that he was denied counsel at all stages of the proceedings against him; and that he was denied his right to confront the witnesses against him in that the aliens whom he was accused of transporting had been deported and were out of the reach of subpoenas. Based upon the records of the criminal proceedings, the district court denied relief.

This Court, as well as other Circuit Courts, have previously ruled that § 1324 is not unconstitutionally vague. Bland v. United States, 5th Cir. 1962, 299 F.2d 105; United States v. Sanchez-Mata, 9th Cir. 1970, 429 F.2d 1391; Herrera v. United States, 9th Cir. 1953, 208 F.2d 215, cert. denied 347 U.S. 927, 74 S.Ct. 529, 98 L.Ed. 1080. Neither does the statute contain language indicating that one transporting an alien is presumed to know that person is in the United States illegally. At any rate, the transcript of the proceedings at which appellant pled guilty demonstrates that appellant freely admitted that he transported the aliens involved with full knowledge that they were illegally in this country.

The transcript further shows that appellant was advised by the court of his right to have counsel appointed for him, and that he freely waived that right. Finally appellant, by pleading guilty, waived his right to confront the witnesses against him, since a voluntary guilty plea constitutes a waiver of that right. Askew v. State of Alabama, 5th Cir. 1968, 398 F.2d 825; see also Boyd v. Smith, 5th Cir. 1970, 435 F.2d 153; Busby v. Holman, 5th Cir. 1966, 356 F.2d

75. In addition, the trial court specifically advised appellant that he was waiving this right by pleading guilty.

As the district court found, the record reveals that appellant is not entitled to relief. Therefore the judgment below is affirmed.

Affirmed.