**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Joseph Roland Roger SAVARD,**
**Defendant-Appellant.**

**No. 73-2926.**

United States Court of Appeals,
Fifth Circuit.

May 2, 1974.

Rehearing Denied June 11, 1974.

Robert Dyer, Orlando, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Jeffry R. Jontz, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

A jury found Savard guilty of violating 8 U.S.C. § 1324(a)(2),[1] and he was sentenced to one year in prison. All but three months was suspended. This appeal followed.

A Canadian citizen with a permanent United States work permit, Savard was

---

1. 8 U.S.C. § 1324(a)(2) provides:

(a) Any person, including the owner, operator, pilot, master, commanding officer, agent, or consignee of any means of transportation who—

. . . . .

(2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, in furtherance of such violation of law;

. . . . .

any alien, including an alien crewman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this chapter or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: Provided, however, That for the purposes of this section, employment (including the usual and normal practices incident to employment) shall not be deemed to constitute harboring.

chief of a fruit picking crew in Florida. His pay consisted of a percentage of the profits made from the picked fruit. Gene Mark Levesque is a Canadian citizen without a United States work permit of any type. While in Canada, Savard and Levesque agreed that Levesque would cross into the United States, meet Savard, who would then take Levesque to Florida to work. This was done, Savard carrying Levesque's baggage across the border and Levesque riding with friends so as not to arouse suspicion. In the United States they met and proceeded south. Upon arrival in Florida they were apprehended.

There are five contentions on appeal. First, the indictment should have been dismissed because it did not allege essential facts with requisite particularity to constitute an offense under the statute. We find that the indictment, plus the bill of particulars, properly advised the appellant of the offense charged. An almost identical situation existed in Bland v. United States, 299 F.2d 105 (5th Cir. 1962). That decision controls. See, Banderas-Aguirre v. United States, 474 F.2d 985 (5th Cir. 1973). See also, United States v. Duran, 411 F.2d 275 (5th Cir. 1969) and Hayes v. United States, 407 F.2d 189 (5th Cir. 1969).

 Second, appellant challenges the sufficiency of the evidence of the violation. A thorough analysis of this statute, as was done in Herrera v. United States, 208 F.2d 215 (9th Cir. 1953), cert. den., 347 U.S. 927, 74 S.Ct. 529, 98 L.Ed. 1080 (1953), combined with a complete review of the evidence convinces this court that sufficient evidence existed to justify a guilty verdict. Appellant's fourth contention of error is also controlled by our finding as to this second allegation.[2] Furthermore, the trial record demonstrates on its face that appellant's allegation as to Levesque's inability to communicate is meritless.

Last, it is urged that the trial court erred in the giving of a supplemental charge. After the jury retired to deliberate, a note was sent to the court requesting a more precise definition of "furtherance of a violation." The request was granted. The total elapsed time from the jury's rising to go deliberate and its being reseated to hear the supplemental instructions was 34 minutes.[3] Appellant now asserts that because of this time lapse, favorable and unfavorable instructions were not kept in equal focus. Bland, supra, and Perez v. United States, 297 F.2d 12 (5th Cir. 1961) are relied on to support this argument. In Bland the elapsed time was four hours and in Perez a minimum of 12 hours.

The trial court apparently determined that the jury had in effect deliberated no more than ten minutes. Even then, the court instructed them not to give unequal weight to any of the instructions. We conclude that under these facts no error occurred. The lower court is

Affirmed.

---

2. Appellant's fourth contention was that the evidence was not sufficient for the case to go to the jury.

3. Appellant and appellee apparently miscalculated the time in their briefs.