132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Paul RONDEAU, Defendant-Appellant.
 No. 97-50102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-95-01910-7-LCN; Leland C. Nielsen, District Judge, Presiding.
 Before HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Jean Paul Rondeau was convicted on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and three counts of wire fraud, in violation of 18 U.S.C. § 1343. We reverse Rondeau's conviction on count I, the conspiracy count, and affirm his conviction on all other counts.
 
 
 3
 During their deliberations, the jury requested further instruction from the court concerning their need to cite the particular person or persons with whom Rondeau conspired. The jury's question was phrased so as to suggest confusion as to the standard of proof to be used in determining Rondeau's guilt on the conspiracy count. On appeal, we inquire into whether the district court, by its response, eliminated the jury's confusion. See United States v. Walker, 575 F.2d 209, 213 (9th Cir.1978). "The ultimate question is 'whether the charge taken as a whole was such as to confuse or leave an erroneous impression in the minds of the jurors.' " Powell v. United States, 347 F.2d 156, 158 (9th Cir.1965) (quoting Perez v. United States, 297 F.2d 12, 16 (5th Cir.1961))
 
 
 4
 In response to the jury's note the district court solicited comments from counsel for both partles. Although counsel disagreed as to whether a specific unanimity instruction was required,[1] counsel for both parties advised the court to reinstruct the jury on the reasonable doubt standard of proof. The court reconvened the jury and advised them that they did not have to cite the particular person or persons with whom Rondeau had conspired. With respect to the jurors' confusion over the proper standard of proof, however, the court simply instructed them to "use your good common sense as to whether [Rondeau is] guilty of conspiracy." [ER 17-18]. Minutes later, the jury rendered a verdict of guilty on all counts.
 
 
 5
 The district court's response to the jury's note, even when viewed in light of the original burden of proof instructions, was confusing and prejudicial to Rondeau. "It is no answer to say that the supplemental instruction was correct, so far as it went; or that it was to be read in light of the original instructions and that these fairly presented the issues." Powell, 347 F.2d at 158; see also United States v. Warren, 984 F.2d 325, 331 (9th Cir.1993). Because we believe that there is a reasonable likelihood that the jury applied the wrong standard of proof to convict Rondeau of conspiracy, we must reverse Rondeau's conviction on this count. See Victor v. Nebraska, 511 U.S. 1, 6 (1994).
 
 
 6
 The judgment of conviction on count I is REVERSED. The judgment of conviction on the remaining counts is AFFIRMED.
 
 BRUNETTI, J., dissenting:
 
 7
 I respectfully dissent and believe that the trial judge properly instructed the jury.
 
 
 8
 When addressing instructions on burden of proof, the proper inquiry is whether there is a reasonable likelihood the jury applied the wrong standard. Victor v. Nebraska, 511 U.S. 1 (1994). It is presumed that jurors follow the instructions they are given. U.S. v. Olano, 507 U.S. 725, 740 (1993).
 
 
 9
 Here, the jury was not instructed on the preponderance of evidence standard, so it is unlikely that they applied it. The jury had been instructed on the reasonable doubt standard and were told to apply it to all elements of the case. In fact, the "reasonable doubt" standard was a specific part of nine instructions. Those instructions addressed reasonable doubt in general, that it applies to both act and intent, and its specific application in determining the defendant's guilt for conspiracy to commit wire fraud, each element of wire fraud, aiding and abetting, defendant's knowing participation in the scheme, and the actual commission of the charged crimes on a date reasonably near the date alleged.
 
 
 10
 The majority focuses on the jury's use of the word "preponderance" in their note to the judge. With the use of that word they find a reasonable likelihood that the jury applied the wrong standard in their deliberations. However, a contextual reading of the note leads to the conclusion that its author misused the word, not that the jury was confused about whether to apply the reasonable doubt standard to the conspiracy charge. Indeed, the note indicates that the jury was planning to base their decision "upon [their] common sense (or reasonable doubt) that [:he defendant] is guilty of conspiracy."
 
 
 11
 The jury's only confusion centered on the evidence required to convict on the conspiracy count. In response, the judge correctly instructed them that it was not necessary to specify the individuals the defendant conspired with nor any particular occasions when he conspired. Ninth Circuit. Manual of Model Jury Instructions § 8.05.
 
 
 12
 The judge admitted that the last part of the note was confusing because it used the word "preponderance", but he reminded them that the term was not used in any of the original instructions and that: they were to use their good common sense in reaching their opinion.
 
 
 13
 The district court originally instructed the jury that "[a] reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act." This type of instruction has been approved as a benchmark for just how substantial a doubt must be. Victor, 511 U.S. at 20-21. The jury was further instructed to use their common knowledge in such a way as was almost verbatim from Section 12.02 of Devitt & Blackmar's Federal Jury Practice and Instructions (4th Ed.1992).
 
 
 14
 The district judge was correct in his response to the jury's inquiry when he told them to use their good common sense and it is not reasonably likely that the jury applied the wrong standard in their deliberations.
 
 
 15
 The conviction should be AFFIRMED.
 
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we reverse Rondeau's conviction on the conspiracy count in light of jury confusion as to the proper standard of proof, we need not address Rondeau's contention that the district court erred by not delivering a specific unanimity instruction