**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tommy CELAYA, Jr., Defendant— Appellant.**

No. 04–10094.

D.C. No. CR–03–00872–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2005.*

Decided March 9, 2005.

Vincent Q. Kirby, Asst. U.S. Atty., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Marc J. Victor, Victor & Hall, PLC, Mesa, AZ, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Celaya's motion to file a supplemental brief is denied.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM[**]

Tommy Celaya, Jr. appeals a judgment of the district court convicting him of assault resulting in serious bodily injury within the Apache Indian Reservation, a violation of 18 U.S.C. §§ 113(a)(6) and 1153, and sentencing him to 117 months in prison.

■ Celaya contends that the district court committed plain error by failing to *sua sponte* instruct the jury as to the definition of assault, by failing to instruct the jury that an assault must be committed intentionally, and by including a definition of "knowingly." We disagree. Ample evidence was adduced at trial that Celaya viciously assaulted the victim and did so intentionally. *See United States v. Belgard*, 894 F.2d 1092, 1094–95 (9th Cir. 1990); *see also United States v. Wagner*, 834 F.2d 1474, 1485 (9th Cir.1987). In addition, the jury's question did not reflect confusion about a central issue in the case. *Cf. Powell v. United States*, 347 F.2d 156, 157 (9th Cir.1965). Under these circumstances, we cannot conclude that plain error occurred, even if the instructions were less than ideal. *See Belgard*, 894 F.2d at 1095.

■ Celaya also contends that the district court abused its discretion by refusing Celaya's requested jury instruction on self-defense. A defendant is entitled to a jury instruction regarding his theory of defense if it is legally sound and founded in the evidence. *See Beardslee v. Wood-*

*ford*, 358 F.3d 560, 577 (9th Cir.2004). Celaya offered no evidence that the force he used to assault the victim was reasonably necessary under the circumstances, an element of self-defense. *See United States v. Keiser*, 57 F.3d 847, 851 (9th Cir.1995). Therefore, Celaya did not present sufficient evidence to warrant a self-defense instruction. *Cf. United States v. Morton*, 999 F.2d 435, 437–39 (9th Cir.1993).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.