**UNITED STATES of America,**
**Appellee,**

v.

**Simonne Marcelle CHRISTMANN,**
**Appellant.**

**No. 204, Docket 27226.**

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1962.

Decided Feb. 1, 1962.

Robert Kasanof, New York City, for appellant.

Jerome C. Ditore, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., on the brief), for appellee.

Before MEDINA, MOORE and SMITH, Circuit Judges.

MEDINA, Circuit Judge.

On March 21, 1961 Simonne Marcelle Christmann, a stewardess on an incoming Air France passenger plane, was searched at Idlewild International Airport, New York, by a Customs Enforcement Officer, and four pouches containing 4 pounds, 3 ounces, 60 grams of powdered

---

heroin were found, two concealed on her person and two behind a radiator where she had attempted to hide them. She now appeals to this Court from a judgment of conviction, entered upon the verdict of a jury finding her guilty of the First and Second Counts of an indictment charging two separate violations of 21 U.S.C.A. § 174,[1] the first for "fraudulently and knowingly" importing a narcotic drug into the United States, the second for "fraudulently and knowingly" concealing the same narcotic drug. She was sentenced to ten years imprisonment on each Count, the two sentences to run concurrently.

At the opening of the trial, and before the selection of the jury, the trial judge granted a motion by the prosecutor to dismiss two other Counts of the indictment, Three and Four, charging defendant with "fraudulently and knowingly" importing and concealing the same narcotic drug as "merchandise," in violation of the general statute prohibiting smuggling, 18 U.S.C. § 545.

It is not disputed that the testimony of the witnesses produced by the Government made out a case sufficient to warrant the submission to the jury of the question of appellant's guilt or innocence on the charges contained in the First and Second Counts. Appellant testified in her own defense, however, and in substance admitted possession of the four pouches and their contents. Her defense was that she thought the contents of the four pouches were powdered essence of perfume, that they had been delivered to

her by a Mr. Muller and that, while she may have been wrongfully trying to smuggle this so-called essence of perfume into the United States, she did not know or have any reason to believe she at any time had any narcotics in her possession.

Thus the case involved a simple, narrow question of fact—did appellant know the four pouches contained a narcotic drug. If she thought she was smuggling essence of perfume into the United States she was not guilty of violating Section 174, as charged in the indictment.

The instructions to the trial jury as originally given were wholly unexceptionable. While the trial judge did say that the "defendant on the witness stand, admitted that she imported the heroin into the United States," it is clear that counsel and the jury understood him to mean only that she admitted she imported the powder that was subsequently found to be heroin. It was in the most specific manner made clear to the jury that the "single issue for the jury to decide is whether the defendant knew that the substance in the four packets brought into the United States was heroin." The trial judge explained to the jury that on this "single issue" the Government had the burden of proving beyond a reasonable doubt that she was importing heroin into the United States, or concealing the same, and that this burden never shifts. He pointed out that direct testimony of guilty knowledge was not required, and explained circumstantial evidence as "the proof

1. 21 U.S.C.A. § 174:
"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may

be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.
"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury. * * *"

of a chain of circumstances, pointing to the commission of the offense." The meaning of the presumption stated in the second paragraph of Section 174 was also correctly interpreted by the trial judge in simple, lucid terms, readily understood by the members of the jury, to the effect that in the light of the evidence that appellant admitted she was concealing and importing the substance that proved to be heroin, the statute "casts upon her the burden of rebutting this inference [that she was importing and concealing the heroin in violation of Section 174] by explaining to the satisfaction of the jury that she did not know she was importing a narcotic drug."

Had the matter been permitted to rest as covered by the original instructions of the trial judge, we can only say that the instructions were not only free from error, but beyond that they were just what instructions to juries should be, an explicit, unambiguous statement of the issue of fact to be decided by the jury, supplemented by a brief description of the rules of law, intended for the guidance of the jury in their deliberations, respecting burden of proof, credibility of witnesses and like matters, all in words readily understood by laymen, without the confusion of digressions and the unnecessary use of legal jargon.

But the matter was not permitted to remain as it was at the conclusion of the charge. The prosecutor had read our decision in United States v. Liss, 2 Cir., 1939, 105 F.2d 144; he had submitted to the trial judge some requests to charge that were in effect quotations from the opinion of Judge Patterson in that case; and, in the absence of the jury, he persuaded the reluctant trial judge to give supplemental instructions to the jury that not only hopelessly muddled the "single issue" already submitted to the jury, but permitted a finding of guilt even if the jury believed appellant's testimony that she thought the substance she was wrongfully importing was essence of perfume and did not know or have any reason to believe it was a narcotic drug.

Liss was a case where the defendant admitted he knew he was in possession of a narcotic drug and had merely denied he knew it had been imported contrary to law. The principles of law stated in Liss had no bearing whatever on the "single issue" involved in this case. We shall see how these principles were misapplied. It is well to note, however, the unfortunate effect of the all too prevalent practice of submitting requests for instructions to juries that are merely statements of law quoted from the opinions of appellate courts, not intended for use as instructions to jurors and more often than not couched in language that is all but unintelligible to the average juror.

The statement of law contained in Liss that caught the eye of the prosecutor was at 105 F.2d page 146, as follows:

"By force of the statute, possession of narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge of such unlawful importation."

As the prosecutor in effect explained to the trial judge, to rebut the presumption set forth in Section 174, it was not enough for appellant to prove "that she had no knowledge" that the substance was a narcotic drug. He insisted she was also under a burden of proving that she had no knowledge of unlawful importation—an impossible task in the circumstances of this case, as appellant's whole defense was that she knew she was wrongfully importing the substance contained in the four pouches concealed on her person, but that she believed this substance to be essence of perfume and had no suspicion that it was a narcotic drug.

When, in the absence of the jury, during the short recess taken for the noting of exceptions to the charge, the trial judge finally indicated: "I am going to read from the Liss case," counsel for appellant objected and stated: "that would amount to a charge that knowledge is

not an essential element." He further requested a charge "that possession without knowledge is a lawful possession"; and this in the context of the evidence in this case could only mean the repetition of what counsel for appellant had all along contended was the rule of law governing this case, namely, that appellant could be convicted on Counts One and Two only if the jury were convinced beyond a reasonable doubt that she knew the substance she was importing and had concealed on her person at a port of entry into the territory of the United States was a narcotic drug.

So the jury entered the jury box and the trial judge gave the supplemental instructions that we hold make it necessary to reverse the judgment and order a new trial of the case. He began by noting that he had already instructed the jury "that the Government is obliged to establish that the defendant possessed [the] narcotic drug knowing that it was narcotic or heroin." He continued on, however, and "in addition" referred again to the second paragraph of Section 174. After reading this second paragraph of Section 174, he read from the Liss case the quotation we have already set forth in the foregoing part of this opinion. And he concluded, paraphrasing another part of the opinion in the Liss case:

"True it is a defendant on trial may overcome these inferences by satisfactory proof that in her case, possession of narcotics did not involve a violation of the statute, either because the narcotics were not imported contrary to law, or because she had no knowledge of unlawful importation.

"The explanation of possession, however, if it served the defendant's purpose, must not only be believed by the jury, but also must be one that shows a possession lawful under the statute."

Counsel for appellant again objected on the specific ground that these supplemental instructions made it possible for the jury to convict appellant "without knowledge."

The jury retired at noon for their deliberations. At 3:50 P.M. they returned and asked that the supplemental instructions, "given the jury after the short recess," be read. After the reading of the record, counsel for appellant again objected, and he requested the trial judge to charge the jury that "unless they find she had knowledge of the character of the substance, they must acquit her." This was refused, with the statement: "The Court has already fully charged on the subject." Counsel again objected, stating that the quotation from the Liss case, referring to the first paragraph of the supplemental instructions quoted above in this opinion, "excludes the possibility that she had no knowledge of the character of the substance." At 5:00 P.M. the jury announced their verdict of guilty on Counts One and Two.

We do not see how these supplemental instructions could have failed to prejudice appellant. At the very least they authorized the jury to convict appellant on the First and Second Counts on an alternative ground that did not require any finding that appellant knew the substance she was importing and concealing was a narcotic drug. They may have been understood by the jury to exclude entirely the question of appellant's knowledge that the substance was a narcotic drug, as it is far from clear that the phrase "a possession lawful under the statute" had reference to Section 174, rather than to the laws prohibiting smuggling. In any event, the supplemental instructions hopelessly befogged the "single issue" described in the charge as originally given.

We find it not necessary to discuss other points urged by appellant as a basis for reversal of the judgment of conviction, as the airing of these matters in the briefs makes it exceedingly improbable that these questions will arise again.

The judgment of conviction is reversed and the case remanded for a new trial.