**UNITED STATES of America, Appellee,**

**v.**

**Hurley SMITH, Defendant-Appellant.**

**No. 321, Docket 29092.**

United States Court of Appeals Second Circuit.

Argued Jan. 29, 1965.

Decided April 6, 1965.

---

1. References to footnotes have been omitted.

608

Paul R. Grand, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Bernard W. Nussbaum, Asst. U. S. Atty., on the brief), for appellee.

Marvin E. Frankel, Legal Aid Society, New York City (Anthony F. Marra and Leon B. Polsky, Legal Aid Society, New York City, on the brief), for defendant-appellant.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appeal from conviction on jury verdict in the United States District Court for the Southern District of New York, Irving Ben Cooper, Judge, on one substantive and one conspiracy count charging violations of 26 U.S.C. §§ 4705(a) and 7237(b) (sale of narcotic not in pursuance of written order from the Secretary of the Treasury). Sentence was concurrent. We find no reversible error and affirm the judgment.

February 27, 1962, severed co-defendant Santiago brought Agent Cantu and informer Vega to an apartment at 15 W. 94th Street, New York City. Two hours later Santiago brought appellant Smith to the apartment. Smith asked Cantu if he was the one who wanted to buy some stuff. Cantu said he was, and Smith sold him cocaine for $150. Next day Smith sold Cantu harmless white powder as cocaine for $150.

Appellant claims error in receiving evidence of the second sale, in admitting testimony of conversations of Cantu with Santiago in the absence of Smith and in charging on later entrants into a conspiracy, there being only two alleged conspirators.

Evidence of the second sale, which had been agreed on at the time of the first sale, was admitted to show

a pattern of similar actions as bearing on the issue of intent on the substantive count. Appellant, however, points out that the statute is considered an absolute prohibition so that intent is not an element of the offense. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922). The ground given for admission of the evidence was therefore erroneous. However, this does not mean that the admission of the evidence was error. The evidence may well be considered relevant on the issue of Smith's knowledge that the powder sold on the 27th was cocaine, since he represented it to be cocaine in both instances, and received $150 for each, which would tend to establish that he knew that each delivery was intended to be of a powder of high price, and in the context of these transactions, a narcotic. While intent is not an element, knowledge of the nature of the substance sold is an element. United States v. Christmann, 298 F.2d 651, 2 Cir. 1962. Moreover, the testimony to the second transaction bears on the identity of Smith as the actor in the first transaction, which he denied, and the second transaction was pursuant to agreement made at the time of the first transaction and to some degree corroborative of the testimony as to what transpired then. We find no error here requiring reversal.

The conversations of Santiago with Cantu in the absence of Smith were admissible since they were in furtherance of a joint effort of Santiago and Smith purposefully to effectuate the sale of narcotics. United States v. Annunziato, 293 F.2d 373, 378, 2 Cir. 1961; United States v. Pugliese, 153 F.2d 497, 500, 2 Cir. 1945; United States v. Dennis, 183 F.2d 201, 231, 2 Cir. 1950, aff'd 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). The jury could infer from Smith's question to Cantu asking if he was the one who wanted to buy some stuff that Santiago had relayed Cantu's request for cocaine to Smith, and that the introduction as "the man I was telling you about" was pursuant to Santiago's agreement the night of February 26 to get cocaine for Cantu on the following day. The fact that the conversation came in before the evidence of the sale by Smith is not fatal. It was sufficiently connected up thereafter.

Since there were only two claimed conspirators, the charge on joining a conspiracy after it started was out of place. We fail to see however, that on the facts here, this bit of boiler plate in a long charge was prejudicial to Smith. The only co-conspirator mentioned throughout was Santiago. We find no reversible error here. In any case, since the sentences were concurrent, error on one count would not call for reversal.

The judgment of conviction is affirmed.