**UNITED STATES of America**

**v.**

**Larry C. GODFREY.**

**Crim. No. 357–63.**

United States District Court
District of Columbia.

July 16, 1965.

William H. Collins, Jr., Asst. U. S. Atty., for plaintiff.

William J. Garber, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

On January 7, 1964, the defendant was found guilty by a jury on numerous counts charging violation of the Federal narcotics laws. A total effective sentence of five years was imposed by the Court on February 14, 1964. An appeal was taken and the defendant was admitted to bond. On November 23, 1964, the Court of Appeals remanded the record for further proceedings to determine

> the reasonableness vel non of the delays occurring between the dates of the alleged offense by appellant, the filing of the complaint and issuance of the arrest warrant, and the appellant's arrest, and the effect, if any, on the defenses of the case  *  *  *.

Godfrey v. United States, No. 18442, D.C. Cir., 11/23/64.

Pursuant to said order of remand, this Court held a hearing on December 11, 1964, and requested memoranda from the respective parties. Disposition of the remanded issues was taken under advisement pending the decision of the Court of Appeals in Ross v. United States, 121 U.S.App.D.C. ——, 349 F.2d 210, a case then under consideration by the appellate court which involved a similar factual setting and the legal questions engendered thereby. Ross having been decided on June 30, 1965, and that opinion having been considered by the Court, the following findings of fact and conclusions of law are issued in accordance with the order of remand.

### FINDINGS OF FACT

The files and records of this case, along with the evidence adduced at the hearing upon remand, supply the basis for the following findings of fact:

#### DELAY BETWEEN OFFENSES AND FILING COMPLAINT AND ISSUANCE OF ARREST WARRANT

■ In the latter part of 1962, Officer Robert I. Bush was working as an undercover agent for the Narcotics Squad of the Metropolitan Police Department under the supervision of Officer Thomas Didone, Jr. In this capacity, Bush claimed, the indictment charged, and the jury found that Bush purchased certain narcotic substances from the defendant on October 10, 11, and 12, 1962.

■ Officer Bush commenced his undercover activity in March, 1962, and continued in that capacity for approximately nine months until his identity was revealed to the United States Commissioner on December 5, 1962. On that date, a complaint was filed and a warrant issued for the arrest of the defendant. Some fifty other warrants, similarly products of the investigation, were obtained on the same day.

■ The delay between the alleged offenses and the filing of the complaint and the issuance of the arrest warrant was slightly less than two months.

■ The nature of said delay was purposeful and deliberate.

■ The reason for said delay was to protect the concealed identity of the undercover agent, Officer Bush, and thereby to enhance the effectiveness of the enforcement of the narcotics laws.

■ In these circumstances, the less than two-months' delay was reasonable. See Ross v. United States, supra.

■ The effect of said delay in regard to the offenses alleged to have occurred on October 11 and 12, 1962 (counts four through nine) is unascertainable. The defendant was unaware of the charges against him until an additional two months expired. Thus, there is no way of knowing to what extent the defendant's lack of memory upon arrest (see infra, finding 19) was attributable to the delay between alleged offenses and the issuance of the arrest warrant.

■ In regard to the offense alleged to have occurred on October 10, 1962, there was no prejudicial effect to the defendant from said delay. The defendant's trial testimony revealed a reasonably clear memory as to his whereabouts on October

10, 1962, at the time of the alleged offense.

## DELAY BETWEEN ISSUANCE OF ARREST WARRANT AND DEFENDANT'S ARREST

■ Having obtained an arrest warrant for the defendant's arrest on December 5, 1962, narcotics officers set out at once to execute it. That same day, certain officers proceeded to 1714 Que Street, N. W., where information indicated the defendant was staying with one Richard Reeves. Certain personal effects of the defendant were found at the Que Street address, but the defendant was not there. Reeves informed the officers that the defendant did not live there, but resided somewhere over the District line. The subsequent search for the defendant consisted of advising federal and local agents that defendant was wanted, lodging the defendant's name in various warrant books, and surveying certain areas where the defendant was thought likely to be found.

■ Sometime in January, 1963, Detective David Paul received information that the defendant might be at an address in northeast Washington. Telephone calls and surveillance failed to locate the defendant.

■ The defendant was physically present within this jurisdiction during the months of October, November, December, 1962, and January, 1963. During this time, he resided at 3017 Central Avenue, N. E., in a home owned by his mother. The defendant spent many of his evenings helping a friend, Mrs. Dorothy Morrell, in her carry-out shop at 1814 14th Street, N. W.

■ In early February, 1963, Detective David Paul received a message from the New Jersey police that they had stopped a car with three District of Columbia subjects: Richard Reeves, Larry Charles Moore, and another. On or about the 10th of February, information was received that the Larry Charles Moore detained in New Jersey was really this defendant, Godfrey. Thereafter, removal proceedings were instituted.

■ The defendant was on notice of the charges against him on February 11, 1963 (Stipulation of counsel).

■ The delay between the issuance of the arrest warrant for the defendant and his arrest was slightly more than two months.

■ The nature of said delay was neither purposeful nor deliberate.

■ The reason for said delay is not clearly ascertainable. Godfrey was here, the police were looking for him, but did not find him. Godfrey was known to the narcotics authorities, definitely to Officers Bush and Didone. The attempt to locate the defendant to execute the warrant was less than diligent.

■ In these circumstances, including the almost two months' delay between the alleged offenses and the issuance of the arrest warrant, the more than two months' delay between arrest warrant and arrest was unreasonable.

■ The effect of said delay, in the circumstances of the prior delay, in regard to the offenses alleged to have occurred on October 11 and 12, 1962 (counts four through nine), was to prejudice the defendant's ability to recall or to reconstruct his whereabouts at the time the alleged offenses occurred. Accordingly, said delay diminished defendant's capacity to defend himself.

■ The effect of said delay in regard to the offense alleged to have occurred on October 10, 1962, was not prejudicial to the defendant. The defendant's trial testimony revealed a reasonably clear memory as to his whereabouts at the time of this alleged offense.

## CONCLUSIONS OF LAW

■ ■ The delay between the alleged offenses and the filing of the complaint and the obtaining of the arrest warrant was reasonable. Cf. Ross v. United States, 17877, June 30, 1965, 121 U.S.App.D.C. ——, 349 F.2d 210.

In any event, said delay had no prejudicial effect on the defense of the case in regard to the offense alleged to have occurred on October 10, 1962, and no ascertainable effect on the defense of the case in regard to the offenses alleged to have occurred on October 11 and 12, 1962.

In all the circumstances, including the almost two-month delay from the alleged offenses to the obtaining of the arrest warrant, the delay between the issuance of the arrest warrant and the defendant's arrest was unreasonable.

The effect of said unreasonable delay was prejudicial to the defense of the case in regard to the offenses alleged to have occurred on October 11 and 12, 1962 (counts four through nine).

As a result of said prejudicial effect resulting from said unreasonable delay, the convictions on counts four through nine should be vacated and those counts of the indictment dismissed. See Ross v. United States, No. 17877, June 30, 1965, 121 U.S.App.D.C. ——, 349 F.2d 210.

There was no prejudicial effect from said unreasonable delay in regard to the offense alleged to have occurred on October 10, 1962. See Cannady v. United States, No. 18392, D.C. Cir., July 14, 1965.

The defense of the case against the offense which was alleged to have occurred on October 10, 1962, was prejudiced by its joinder with the now vitiated six counts growing out of the alleged offenses on October 11 and 12, 1962. In the jury's eyes, the defendant's memory of his whereabouts on October 10, was likely discredited by his failure to remember or reconstruct the events of October 11 and 12. Defendant should be awarded a new trial on the offense alleged to have occurred October 10, 1962 (counts one through three). Compare, Cross v. United States, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964).

Subject to the review of the Court of Appeals, which has retained jurisdiction over this matter, it is by the Court this 16th day of July, 1965, so ordered.