Grady Monroe **HOLSEN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 24312.

United States Court of Appeals
Fifth Circuit.

April 5, 1968.

Rehearing Denied May 21, 1968.

Before JONES and DYER, Circuit Judges, and CASSIBRY, District Judge.

## PER CURIAM:

Appellant and Joseph McConnell were jointly indicted and separately tried for violations of the federal narcotics laws.[1] Appellant was convicted on a jury verdict of conspiring to sell narcotics not in the original stamped package and without a written order. We affirm.

Appellant's contention that the District Court erred in not requiring McConnell to testify in appellant's behalf is without merit. McConnell was a co-defendant who was then in the process of appealing his conviction. He did not waive his fifth amendment privilege and could not therefore be made to testify. 8 Wigmore, Evidence § 2268 at 410 (McNaughton rev. 1961).

It was not error to admit statements of McConnell made to federal undercover agents during the transaction in question outside the presence of appellant since they were made in furtherance of the conspiracy of which appellant was a member. United States v. Smith, 2 Cir. 1965, 343 F.2d 607; Lott v. United States, 5 Cir. 1956, 230 F.2d 915.

The nine month delay between the narcotics sale and appellant's arrest did not deny appellant a speedy trial, especially since no prejudice was shown. United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627; Bruce v. United States, 5 Cir. 1965, 351 F.2d 318.

We have examined appellant's other specifications of error and find them utterly devoid of merit.

Affirmed.

Thomas M. Haas, Mobile, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Vernol Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

1. 26 U.S.C.A. §§ 4704(a), 4705(a), 7237(b).