**Joseph Monroe McCONNELL, Jr.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25378.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1968.

Certiorari Denied March 24, 1969.
See 89 S.Ct. 1208.

Irving Silver, Mobile, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE,* Circuit Judges.

PER CURIAM:

This Court reversed appellant's first conviction because of denial of his right to counsel. McConnell v. United States, 5 Cir. 1967, 375 F.2d 905. On this appeal from a second conviction, the sole ground urged for reversal is that the delay of nine months after the date of the alleged offense before the arrest and institution of the prosecution of the appellant was unreasonable, oppressive and prejudicial. Appellant's counsel insists that a deliberate and unnecessary pre-arrest delay which results in prejudice to the accused may be a denial of due process under the Fifth Amendment, citing Woody v. United States, 1966, 125 U.S.App.D.C. 192, 370 F.2d 214, noted in 80 Harv.L. Rev. 1361 (1967), and Ross v. United States, 1965, 121 U.S.App.D.C. 233, 349 F.2d 210.

This Court has held that the Sixth Amendment right to a speedy trial does not arise until after prosecution has been formally instituted, and has said further that any delay between the date of the offense and the commencement of prosecution is controlled exclusively by the applicable statute of limitations. Harlow v. United States, 5 Cir. 1962, 301 F.2d 361, 366. The district court relied on that case and the case of Foley v. United States, 8 Cir. 1961, 290 F.2d 562, 565, and declined to approve the *Woody* and *Ross* cases, supra. It nonetheless carefully distinguished this case from those cases by findings of fact from which it concluded that the pre-arrest delay was reasonable and that the defendant's claim of prejudice was feigned—"that he is 'pig tracking' the *Woody* case and the *Ross* case, supra, and setting up a situa-

* Of the First Circuit, sitting by designation.

tion to his advantage on claims which cannot be rebutted * * *." [1] We base affirmance on those factual findings. Since the *Woody* and *Ross* cases are not applicable, we express no opinion on their holdings or on any possible conflict between those cases and the *Harlow* and *Foley* cases, supra.

The judgment is

Affirmed.

1. As to appellant's co-defendant, separately tried, another panel of this Court has concluded:

"The nine month delay between the narcotics sale and appellant's arrest did not deny appellant a speedy trial, especially since no prejudice was shown. United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627; Bruce v. United States, 5 Cir. 1965, 351 F.2d 318."

Holsen v. United States, 5 Cir. 1968, 392 F.2d 292, 293.