Frank X. Altimari, J.
This is a motion by the alleged youthful offender for an order dismissing the information.
On July 24,1969 the Grand Jury indicted the alleged offender for the crimes of criminally selling a dangerous drug in the first degree (2 counts), criminally selling a dangerous drug in the second degree, and criminal possession of a dangerous drug in the second degree (3 counts). On August 6, 1969 application was made for youthful offender treatment. On October 8, 1969 the court granted youthful offender treatment and the alleged offender pleaded not guilty to the information.
The acts for which the youth was indicted occurred on or about August 3, 1968 and August 10, 1968'.
The alleged youthful offender claims that he has been substantially harmed in that he is unable to recall his whereabouts on the dates of the alleged crimes, and is otherwise severely hampered in recalling and obtaining information concerning his defense.
A patrolman in the Narcotics Bureau of the Nassau County Police Department, who has submitted an affidavit in opposition to the instant motion, states that he and another patrolman were investigating violations of the narcotics laws in the Great Neck area from the early part of July of 1968 to July of 1969. The patrolman further stated that it was necessary to delay the arrest of the alleged youthful offender and other defendants in order to further the investigation and to protect the physical well-being and undercover status of the patrolmen and certain informants. The patrolman also explained that other arrests and indictments were returned concerning other purchases of dangerous drugs in the Great Neck area and that these buys of drugs were made after the alleged purchased from Lloyd M.
*543 The District Attorney’s office relies on the view expressed in United States v. Scully (415 F. 2d 680 [2d Circ., 1969]). There, the court stated (p. 683) in a case involving a delay of 34 months: ‘ ‘ A delayed arrest does not in and of itself deny any constitutional rights. The Statute of Limitations is a citizen’s primary guarantee protecting him from having to answer overly stale criminal charges. United States v. Ewell, 383 U. S. 116, 122 * * * (1966). If one is arrested within the time limits imposed by the applicable Statute of Limitations it is incumbent upon him to show that he suffered some significant prejudice as a result of any delay in making the arrest.” (See, also, McConnell v. United States, 402 F. 2d 852 [9-month delay], cert. den. 394 U. S. 933; United States v. Capaldo, 402 F. 2d 821 [40-month delay]; Benson v. United States, 402 F. 2d 576 [15-month delay].) It should be noted that the defendants in the Scully and Benson cases raised the issue for the first time on appeal. In McConnell the court held that the nine-month delay was reasonable since the defendant’s claim of prejudice was feigned. In Capaldo the court reasoned that the defendant was not prejudiced by the delay. The court in Capaldo found that no witnesses were lost, that defendant had a good recollection of events on the day of the offense and that defendant had been interviewed shortly after the commission of the crime.
There exist, however, cases which reflect a somewhat different view from that expressed in the Scully case. (Ross v. United States, 349 F. 2d 210 [7-month delay]; United States v. Godfrey, 243 F. Supp. 830, affd. 358 F. 2d 850 [4-month delay]; Woody v. United States, 370 F. 2d 214 [4-month delay]; Jones v. United States, 402 F. 2d 639 [7-month delay].) The courts in the above-cited cases reason that the Statute of Limitations does not impose an inflexible rule of law. The rationale of the Ross, Godfrey, Woody and Jones opinions is summarized in the Jones’ decision (p. 641): “ A defendant’s rights under Ross are violated when there is an unreasonable lack of diligence on the part of the police in making an arrest which renders the defendant unable to remember and account for his whereabouts at the time of the crime. Where the delay is for a valid purpose, such as protecting the identity of an informer, that factor can be weighed against the prejudice to the defendant.”
Thus, the underlying problem is one of balance — the public interest in effective police work to detect violations of the narcotic laws on one side of the scale, weighed against the defendants’ constitutional and statutory rights on the other side of the scale. ‘£ When interests of this nature impinge upon each other, as they have a way of doing, they must be accommodated. *544 A balance must be struck, if one or the other is not to be sacrificed completely.” (Ross v. United States, supra, p. 213.)
Factors which must be accorded weight in any determination of prejudice to a defendant are (1) length of delay, (2) necessity and purpose of the delay and (3) reliability of the method of identification. (Woody v. United States, supra.) The latter guideline is significant. In Ross the court'stressed the fact that the identification of the defendant at trial was based on the uncorroborated testimony of an undercover agent who was able to testify only by constant reference to his notes. In Woody the court suggested that the reliability of the identification might be enhanced where it is possible for the police to enter into repeat sales, obtain corroborating witnesses to the transaction or the undercover agent makes complete notes and confronts personally the accused at the time of arrest. (Woody v. United States, supra, p. 217, n. 6.)
In the instant case the alleged youthful offender has failed to demonstrate significant prejudice, except a bare conclusory allegation that his ability to establish his whereabouts on the dates the offenses were committed has been diminished. The alleged offender does not set forth any facts which tend to show how his ability has been impaired.
This court is of the view that in any continuous investigation a delay is necessary to obtain the maximum result from the use of the undercover agents ’ work. If indictments or arrests were sought immediately, not only would the effectiveness of the use of an undercover agent be destroyed, but also, the protection, afforded by the delay, of the undercover agent’s identity, life and limb might evaporate.
Moreover, the youthful offender information accuses the defendant of making repeat sales of dangerous drugs, one sale on August 3, 1968 and two sales on August 10, 1968. In addition,, the court has inspected the Grand Jury minutes and finds that the testimony with respect to the identification of the alleged youthful offender is based on facts which tend to establish the reliability of the identification.
Based upon the foregoing discussion this court concludes that the length of the delay herein was not, in and of itself, unreasonable, that the delay was necessary for the purpose of continuous investigation and protection of the undercover agent, and that the reliability of the identification of the accused, at this stage of the proceedings, is sufficient. It is, therefore, ordered that the motion is denied in all respects.