UNITED STATES of America,
Appellee,

v.

Guiseppe LASALANDRA, Appellant.

No. 460, Docket 34316.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 15, 1970.

Decided Feb. 3, 1970.

Before MEDINA, WATERMAN and SMITH, Circuit Judges.

Milton Adler and Joel A. Brenner, Legal Aid Society, New York City, on the brief, for appellant.

Edward R. Neaher, U. S. Atty., Eastern District of New York, and Jerome C. Ditore, Asst. U. S. Atty., on the brief, for appellee.

PER CURIAM:

Appellant appeals his conviction on two counts of unlawfully importing and unlawfully concealing and facilitating the importation of heroin into the United States, in violation of 21 U.S.C. § 174. Appellant (Lasalandra) was convicted by a jury in the United States District Court for the Eastern District of New York, Oren Harris, Judge. It is undisputed that Lasalandra was in possession of drugs which he willfully and illegally imported into the United States; appellant claims, however, that the government failed to establish that he knew the drugs were heroin or any narcotic drug, and that, therefore, the district judge erred in denying appellant's motion for a judgment of acquittal. We find no error and affirm the judgment.

Lasalandra was an experienced steward aboard Alitalia Airlines who was caught with the packages of heroin on

him and in his suitcase when he attempted to go through customs at John F. Kennedy International Airport. Appellant did not originally declare the drug packages, but after being taken to another room and being further questioned, he said he had something else and opened his shirt to reveal two hidden plastic bags of white powdery substance (heroin). A further series of questions and answers revealed he had a total of ten plastic bags on him, in his clothing and concealed in the bottom of his bag. After he was arrested and advised of his rights, appellant told the customs officials that a man named Georgio gave him the packages to smuggle into the United States, that he had met Georgio once on a flight from New York to Rome prior to Georgio's contacting him in Rome and that Georgio promised him $500 if he would smuggle pharmaceutical packages into this country without having to pay import tax on them. Appellant also told the officers that Georgio had represented himself to be a pharmaceutical salesman, and that Georgio had given him the drugs at the Rome airport prior to Lasalandra's flight to the United States. Lasalandra claimed that he was supposed to meet Georgio and deliver the drugs to him at the Hotel Roosevelt in New York that night, but although appellant was allowed to go there (under surveillance), Georgio never appeared. In subsequent questioning appellant told the officers he knew the packages contained drugs but not narcotic drugs and that Georgio had told him if he were caught, the only thing that would happen would be that the drugs would have to be left at customs and that he (Georgio) would come and pay the taxes due. In the prosecution's case, government officials testified to this story told by appellant, and one official testified that the heroin in the ten bags was worth approximately $1,000,000 on the retail market. Lasalandra repeated the story in his defense and stated that Georgio told him that he wanted to do this for the appellant since

the latter was planning to get married and needed the $500.

■ Section 174 of Title 21 of the United States Code contains a presumption which makes possession of a narcotic drug such as heroin sufficient evidence as to all the elements for a conviction under that section unless the defendant explains the possession to the satisfaction of the jury. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (January 20, 1970). United States v. Llanes, 374 F.2d 712, 715 (2d Cir. 1967), United States v. Glaziou, 402 F.2d 8, 17 (2d Cir. 1968). Where, as here, the defendant admits he was concealing and importing a substance which proved to be heroin, the statute casts upon him the burden of rebutting the inference that he knew what the substance was, by explaining to the satisfaction of the jury that he did not know he was importing a narcotic drug. United States v. Christmann, 298 F.2d 651, 653 (2d Cir. 1962).

■■ Although a trial judge may direct a verdict or enter judgment n. o. v. when the evidence as a whole is insufficient to support a conviction as a matter of law, notwithstanding proof of possession and the inferences leading therefrom by the permissive presumption of section 174, see Verdugo v. United States, 402 F.2d 599 (9 Cir. 1968), in this case appellant was properly denied such a verdict. The jury was properly charged on the necessity for knowledge that the substance was narcotics, and there was sufficient evidence to find knowledge in spite of appellant's denials. The jury had before it the plain evidence of possession of ten packages of drugs hidden in different places on appellant and in his bag and of Lasalandra's failing to report the packages until further questioning brought forth the belated admissions. The jury was further informed that appellant admitted knowing he was smuggling some type of drugs. In addition the jury had appellant's bizarre story of Georgio's entrusting him with heroin of such value after only once meeting appellant, simply be-

cause Georgio wanted to help appellant financially prepare for marriage. The proof as to the extremely high value of the heroin was relevant to discrediting this story. The trial judge did not abuse his discretion in allowing such testimony in the government's direct case. See United States v. Glaziou, *supra*, 402 F.2d at 16. Under the circumstances, the jury was justified in rejecting appellant's explanation of the possession, and the possession justified the inference the jury drew that Lasalandra knew what he was doing and that he was doing it with narcotic drugs.

Affirmed.