Morris Orlando McGREGOR, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 27309.

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1970.

Thomas M. Haas, Mobile, Ala., for appellant.

C. S. White-Spunner, Jr., Vernol Jansen, U. S. Attys., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for appellee.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

McGregor was convicted by a jury under a four count indictment which charged him with selling and dispensing a narcotic drug in violation of 26 U.S.C.A. §§ 4704(a) and 4705(a). We affirm.

McGregor's argument that a six and one-half month delay between the time of the offense and the return of the indictment denied him the right to a speedy trial is unavailing. Delay in indictment, "so long as the applicable statute of limitations is followed, does not amount to a Sixth Amendment violation. In other words, the statute is controlling." United States v. Grayson, 5 Cir. 1969, 416 F.2d 1073; McConnell v. United States, 5 Cir. 1968, 402 F.2d 852, cert. denied, 394 U.S. 933, 89 S.Ct. 1208, 22 L.Ed.2d 464; Harlow v. United States, 5 Cir. 1962, 301 F.2d 361.

McGregor next complains that the hearsay testimony of a government agent concerning what a co-defendant told the agent in the absence of the defendant should have been but was not excluded. The statement of the co-defendant took place during a sale of narcotic tablets which formed part of the offenses charged against both McGregor and his co-defendant and was made in furtherance of the joint efforts of both defendants to commit the crime charged. In these circumstances the statement was clearly admissible. Holsen v. United States, 5 Cir.

1968, 392 F.2d. 292; Lott v. United States, 5 Cir. 1952, 230 F.2d. 915. Nor can McGregor get any comfort out of Bruton v. United States, 1967, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, which, he argues, compelled the granting of his motion for a severance. The statement complained of was not a post crime confession of the co-defendant implicating McGregor, as in *Bruton*, but was made during the actual commission of the crime.

We have considered and find without merit McGregor's further assertions of error that his cross-examination of a witness was unduly limited, that the government's redirect examination of the witness was unduly broad, and that the Court's instruction on entrapment was erroneous.

Affirmed.