**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond JOHNSON, Defendant-Appellant.**

No. 72–1973

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1972.

---

1. It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

Bernard A. Horton, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Raymond Johnson appeals his conviction of knowingly and intentionally distributing a specific amount of heroin, in violation of 21 U.S.C.A. § 841(a)(1). The single issue raised here is whether the trial judge committed reversible error by admitting into evidence an out of court statement of Johnson's co-defendant. We hold he did not. The statement was unquestionably made in furtherance of a combination or concert of action between Johnson and his co-defendant to accomplish the illegal distribution; as importantly, there was sufficient evidence, independent of the statement itself, to establish the combination or concert. Hence, the statement was correctly admitted as an exception to the hearsay rule. McGregor v. United States, 422 F.2d 925 (5th Cir. 1970); Holsen v. United States, 392 F.2d 292 (5th Cir. 1968), cert. denied, 393 U.S. 1029, 89 S.Ct. 640, 21 L.Ed.2d 573 (1969); see United States v. Williamson, 450 F.2d 585 (5th Cir. 1971); United States v. Fischetti, 450 F.2d 34 (5th Cir. 1971); United States v. Nall, 437 F.2d 1177 (5th Cir. 1971); Orser v. United States, 362 F.2d 850 (5th Cir. 1966); C. McCormick, Law of Evidence § 244 at 521–24 (1954).

Affirmed.