**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Floyd DUPART, Defendant-Appellant.**

**No. 73–1606**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1973.

Rehearing Denied Oct. 15, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Dean A. Andrews, Jr., New Orleans, La., for defendant-appellant.

Gerald Gallinghouse, U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

A jury has convicted Floyd Dupart of distributing heroin (8 counts) and of possession with intent to distribute, all in violation of 21 U.S.C. § 841(a).

In response to the appellate contentions, we note that the statute is Con-

stitutional, United States v. Lopez, 5 Cir., 1972, 459 F.2d 949; that there was no abuse of discretion in the denial of a requested continuance, United States v. Gower, 5 Cir., 1971, 447 F.2d 187; and that there was no error in admitting evidence of the declarations of Alvin Curtis, United States v. Johnson, 5 Cir., 1972, 466 F.2d 508. Nor do we perceive any error in the denial of the motion to sever the possession count from the distribution count, United States v. Abshire, 5 Cir., 1972, 471 F.2d 116.

We discuss more extensively the contention that reversal is necessitated by the closing argument of the prosecutor, as follows:

"But if you believe, as I do, that they (government witnesses) are conscientious federal agents, that Mrs. Smith is a conscientious policewoman, that she took great risks to do what she did, and she did not lie on that stand, then I ask you, ladies and gentlemen, *don't let this heroin fellow out of this courtroom.* Thank you. (Emphasis added).

MR. ANDREWS: May I approach the Bench, Your Honor?

THE COURT: All right.

[Whereupon, the following proceedings were had at the Bench, outside the hearing of the jury]

MR. ANDREWS: Unfortunately that last remark may result in a mistrial. I have the public law, after the jury is gone, may we approach the Bench again and discuss it?

The way in which he approached the matter, I may be in error, but I'd rather show it to you now than months later, this particular section here on the four counts, Your Honor.

It's just that last phrase, everything up to there I have no objection to.

THE COURT: I don't think that relates to the comments made.

Show for the record that defense counsel called the Court's attention to

Public Law 91–513, § 409(a) which provides in part: 'In no case shall the fact that the defendant is alleged to be a dangerous special drug offender, be an issue on the trial of such felonious violations, be disclosed to the jury, or be disclosed before any plea of guilty or nolo contendre, or verdict or finding of guilt without the consent of the judge or the parties'.

I don't interpret counsel's remark to be an indication that this is a special drug offender under the law, but I will charge the jury that at any rate the penalties are up to the Court.

MR. ANDREWS: Right. It sets up the procedure. I just wanted to be sure in an abundance of caution.

THE COURT: All right. Thank you.

MR. ANDREWS: Thank you.

THE COURT: Thank you, Mr. Andrews."

The Court's instruction concerning this point of law:

"Now, regardless of anything that counsel may have said or intimated with respect to what might happen to the defendant if he should be convicted, you are to disregard any such comment, because the punishment provided by law for the offense charged in this indictment is a matter that will be exclusively my responsibility. It's not to be considered by you in any way in arriving at an impartial verdict as to whether Mr. Dupart is innocent or guilty of any one or all four of these charges."

The phrase "don't let this heroin fellow out of this courtroom" does not assert the defendant to be a dangerous special drug offender as proscribed by 21 U.S.C. § 849(a); it was simply a plea for conviction. Any possible prejudice to the appellant was amply extirpated by the charge of the Court, given in the clearest of terms.

The judgment of the District Court is Affirmed.